UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN LEWIS JONES, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-479-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Audrain Lewis Jones, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for kidnapping, rape, and robbery under Case No. 49G01-703-FA-36329. Following a trial, on October 26, 2007, the Marion Superior Court sentenced him to sixty-one years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas petitions states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

>   Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Review of the petition indicates that the date on which the judgment became final is the applicable starting point for calculating timeliness. On direct appeal, the Indiana Court of Appeals affirmed Jones' conviction on May 23, 2008, and Jones did not file a petition to transfer with the Indiana Supreme Court. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Indiana Supreme Court for transfer expired on July 7, 2008. *See* Ind. App. R. 57(C) (petition for transfer must be filed within forty-five days of an adverse decision). The federal limitations period expired one year later on July 7, 2009. Though Jones initiated additional efforts to obtain post-conviction relief in 2015, these efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because Jones filed the petition thirteen years too late, the court finds that the petition is untimely.

Jones argues that the federal limitations period should not apply in this case because he was denied assistance of counsel by the public defender's office on direct appeal and on post-conviction review. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Whether to apply equitable tolling to a particular case is a matter for the court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "[L]ack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training." *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014)

As detailed above, the federal limitations period did not begin to run until the conclusion of direct review, so it is unclear how lack of assistance from appellate counsel on direct review could have prevented him from filing a timely habeas petition thereafter. Further, Jones did not initiate post-conviction proceedings until seven years after the federal limitations period expired, so it is similarly unclear how lack of assistance from post-conviction counsel could have prevented him from filing a timely habeas petition. Moreover, there is no suggestion that Jones acted diligently in pursuing his rights throughout the period between when his conviction became final in 2008 and when he initiated this habeas case in June 2022. Because Jones has not demonstrated

that extraordinary circumstances prevented him from filing a timely habeas petition in federal court or that he diligently pursued his rights, the court finds that equitable tolling does not excuse the untimely nature of the petition.

Jones also argues that the federal limitations statute is invalid because it violates the Suspension Clause. The Suspension Clause, found in Section 9 of Article I of the United States Constitution, states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Though neither the Supreme Court nor the Seventh Circuit have squarely addressed this constitutional argument, every federal appellate court to have considered it has upheld the federal limitations statute. *Hirning v. Dooley*, 209 Fed. Appx. 614, 615 (8th Cir. 2006); *Delaney v. Matesanz*, 264 F.3d 7, 12 (1st Cir. 2001); *Wyzykowski v. Dept. of Corrections*, 226 F.3d 1213, 1217 (11th Cir. 2000); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Davis v. Bumgarner*, 201 F.3d 435 (4th Cir. 1999) *Turner v. Johnson*, 177 F.3d 390, 392-393 (5th Cir. 1999), *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Succinctly, these federal appellate courts reasoned that the Suspension Clause is violated only if the remedy of habeas corpus is rendered inadequate or ineffective. They further reasoned that the federal limitations statute in conjunction with the equitable tolling doctrine allows petitioners a reasonable opportunity to have habeas claims resolved on the merits. The court agrees with the conclusions of the First, Second, Fifth, Eight, Ninth, Tenth, and Eleventh Circuits that the federal limitations statute does not render the

4

remedy of habeas corpus ineffective and declines to find that the federal limitations statute is constitutionally invalid.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Jones to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Audrain Lewis Jones a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 29, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT